## UNITED STATES v. BUNTING et al.

### (District Court, E. D. Pennsylvania. September 21, 1897.)

CONSPIRACY TO DEFRAUD THE UNITED STATES—INDICTMENT.

An applicant for a government clerkship filed a sworn application in the form required for an examination by the civil service commission, and was afterwards notified by postal card to appear for examination at a time stated. By previous arrangement, another person, impersonating the applicant, presented himself for examination, and filled out a paper known as the "Declaration Sheet," which contained questions concerning the applicant, and signed the applicant's name thereto. *Held*, that these two persons were indictable, under Rev. St. §§ 5440, 5418, which denounce respectively the offense of conspiring to commit any offense against the United States or to defraud the United States, and the offense of falsely making, altering, or forging various enumerated papers, including affidavits or other writings, for the purpose of defrauding the United States.

The defendants in this case were charged with conspiracy together to defraud the United States in making and presenting a false writing. The indictment was framed under Rev. St. U. S. § 5440, as amended by Act May 17, 1879 (21 Stat. 4), which in its amended form is as follows:

"If two or more persons conspire either to commit any offense against the United States or to defraud the United States in any manner or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy all the parties to such conspiracy shall be liable to a penalty of not more than ten thousand dollars, or to imprisonment for not more than two years or to both fine and imprisonment in the discretion of the court."

The fraud upon the United States was alleged under Rev. St. U. S. § 5418, which provides as follows:

"Every person who falsely makes, alters, forges, or counterfeits any bid, proposal, guarantee, official bond, public record, affidavit, or other writing, for the purpose of defrauding the United States, or utters or publishes as true any such false, forged, altered, or counterfeited bid, proposal, guarantee, official bond, public record, affidavit, or other writing, for such purpose, knowing the same to be false, forged, altered, or counterfeited, or transmits to or presents at the office of any officer of the United States any such false, forged, altered, or counterfeited bid, proposal, guarantee, official bond, public record, affidavit, or other writing, knowing the same to be false, forged, altered, or counterfeited, for such purpose, shall be imprisoned at hard labor for a period not more than ten years, or be fined not more than one thousand dollars, or be punished by both such fine and imprisonment."

From the facts as set forth in the indictment and as developed at the trial it appeared that the defendant Bunting was an applicant for a position as clerk in the post-office service, and on July 22, 1897, filed an application for examination before the United States civil

service commissioners at an examination which was to be held at Philadelphia. This application blank was in the usual form, containing questions relative to the name, date and place of birth, citizenship, residence, occupation, etc., of the applicant, which the applicant was required to fill out and file with the secretary of the local board before taking the examination. The application which was filled out by the defendant Bunting was sworn to by him, and lodged in due form with the proper official on July 23, 1897. On the 29th of July, 1897, the secretary of the board notified the defendant Bunting by postal card to appear before the board on August 5th, for the purpose of examination. At this time the defendant Delaney presented himself at the room in which the examination was conducted, gaining admission by means of the postal card theretofore mailed to Bunting, none but those possessed of such cards being admitted to the room. After gaining access to the room by this means the defendant Delaney was handed a paper known as the "Declaration Sheet," which paper contained questions concerning the applicant, the correct answers to which could only be made by the person who made the application or by some one fully cognizant with its contents. The answers to the questions on the declaration sheet were then filled in by Delaney who signed at the end thereof the name of the defendant Bunting. When this paper was handed to the secretary, Delaney was recognized and placed under arrest. Bunting was subsequently arrested, and both were indicted. The defendants pleaded guilty to the indictment.

James M. Beck, U. S. Atty., and Michael F. McCullen, Asst. U. S. Atty.

John P. Gibbs, for defendant Delaney.

John V. Ripperger, for defendant Bunting.

BUTLER, District Judge (orally). When this case first came before me, I was under the impression that the defendants were indicted under the old law, charged with conspiracy to defraud the United States, and as it was not shown that either of them had defrauded the government of money or other property, I was in doubt whether the statute covered the charge. Since that time, however, I have carefully examined the bills of indictment as well as the sections of the Revised Statutes under which the defendants are charged, and am of opinion that the offense comes within their terms.

Section 5418 literally as well as in spirit covers the case. The offense charged is a grave one; an attempt to prejudice the rights of the United States in the administration of the civil service statutes. Had the defendants been successful one of them would have obtained a privilege which would have placed him in a favored class and have entitled him to an advantage over others in the appointment to office.

The privilege is a valuable one, and the fraud of the defendants was therefore in prejudice of the government.

The sections under which the defendants are indicted are broad and sweeping and the offense I think is within their provisions.