### UNITED STATES v. FRANKLIN.

(Circuit Court, S. D. New York. November 8, 1909.)

1. INDICTMENT AND INFORMATION (§ 125*)—DUPLICITY.

An indictment under Rev. St. § 5438 (U. S. Comp. St. 1901, p. 3674), which makes it a criminal offense to knowingly make or present for approval to any officer of the United States any false, fictitious, or fraudulent claim against the government of the United States or any department thereof, is not bad for duplicity because it charges that the accused "made and presented" such a claim.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 351; Dec. Dig. § 125.*]

2. UNITED STATES (§ 123*)—MAKING AND PRESENTATION OF FALSE CLAIMS AGAINST—INDICTMENT.

In an indictment, under Rev. St. § 5438 (U. S. Comp. St. 1901, p. 3674), for making and presenting to an officer for approval a false, fictitious, and fraudulent claim against the United States, which sets out the claim, showing it to be an itemized account, averments that certain sums charged therein "should have been" certain smaller sums stated sufficiently shows wherein the claim is false and fraudulent.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 111; Dec. Dig. § 123.*]

3. UNITED STATES (§ 123*)—MAKING AND PRESENTATION OF FALSE CLAIMS AGAINST—INDICTMENT.

An indictment, under Rev. St. § 5438 (U. S. Comp. St. 1901, p. 3674), for making and presenting to an officer for approval a false, fictitious, and fraudulent claim against the War Department of the United States for supplies furnished the cadet mess at West Point, which describes such officer as a brigadier general in the army and superintendent of the Military Academy at West Point, and alleges that he was an officer authorized to approve such claim, held, on demurrer, to sufficiently show such authority.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 111; Dec. Dig. § 123.*]

Thomas Franklin was indicted for making and presenting a false claim against the United States, and demurs to the indictment. Demurrer overruled.

The defendant was indicted under section 5438, Rev. St. (U. S. Comp. St. 1901, p. 3674), and charged with having unlawfully made and presented, and caused to be made and presented, to an officer in the military service of the United States, to wit to Albert L. Mills then and there brigadier general in the army of the United States and superintendent of the United States Military Academy at West Point, N. Y., for approval by the said officer as such su-

perintendent, he being then and there authorized as such superintendent to approve the same, a certain claim upon and against the Department of War of the United States, which claim was upon an account purporting to be an account of the defendant for provisions and cartage therefor furnished by him to and for the cadet mess of the United States Military Academy aforesaid, the claim being set out at length in the indictment, and which claim, at the time and place when and where.it was so made and presented, and caused to be made and presented, was false, fictitious, and fraudulent in the following respects, to wit: In that each item therein, setting out the same at length, i. e., "To 6 bbls. apples, at $7.00, $42." should have been, instead thereof. "To 6 bbls. apples, at $6.50, $39," and that the defendant then and there well knew the same to be false, fictitious, and fraudulent in the said respects. Under another count in the same indictment the claim was described as being a claim upon and against the government of the United States.

Defendant demurred to the indictment on the following grounds: (1) That each count was bad for duplicity, in that it charged the defendant with two offenses: First, with the offense of having made a false, fraudulent, and fictitious claim for approval; and, second, with having presented a false, fraudulent, and fictitious claim to a certain officer for approval. (2) That the assignments of wherein the claim described in the count was false, fraudulent, and fictitious were pleaded with uncertainty and indefiniteness, and were in the nature of conclusions only, because of which the count failed to show that the claim was false, fraudulent, and fictitious in any material particular. (3) That the superintendent of the United States Military Academy was not such an officer in the service of the United States, with authority to approve the claim, as was contemplated by section 5438, Rev. St., because, first, he had no authority of public law to approve the claim; and, second, because his approval or disapproval could in no wise affect the Treasurer of the United States, for the reason that the cadet mess of the United States Military Academy at West Point is no part of the government of the United States, or of any department thereof, within the meaning of section 5438, Rev. St., or any other law of the United States.

Henry A. Wise, U. S. Atty., and Addison S. Pratt, Asst. U. S. Atty. S. T. Ansell, for defendant.

HAND, District Judge (after stating the facts as above). As to point 1: This point is answered by U. S. v. Northway, 120 U. S. 327, 7 Sup. Ct. 580, 30 L. Ed. 664, where the indictment read "as president and agent," though the statute defined two separate offenses; one as president, one as agent. It is perfectly obvious that there was here no intention to charge two offenses.

As to point 2: The discrepancies between the claim and the actual prices paid are sufficiently set out. The pleader has not relied on a word stating only a legal conclusion, like "fraudulent." It is captious to quarrel with the phrase "should have been." Everybody knows that this is intended to cover the prices actually paid by the defendant. It is clear that they charge him with putting in the bills what he said he·had paid. To hold otherwise would be to introduce needless perversity into such matters.

As to point 3: As a mere allegation of fact, i. e., that the superintendent had authority to approve the claim, I think it is not demurrable. Cochran v. U. S., 157 U. S. 286, 15 Sup. Ct. 628, 39 L. Ed. 704. True, it is an allegation involving the existence of law; but so is the allegation "made in accordance with the provisions of section 5211" (U. S. Comp. St. 1901, p. 3498). Had it been necessary to rely upon such an allegation in sustaining the pleading upon the corpus delicti,

I should think otherwise; but there are many incidental allegations, necessarily stated with some admixture of law. Were it not so, indictments would be often quite interminable. Here the superintendent is identified as being an officer, within section 5438, "authorized by law" to approve the account. That allegation is quite enough to identify him as one of those included under the statute, and to advise the defendant of what officer they intend. So far as concerns the argument that he could not have been so authorized under the statute, it does not convince me. Whatever the legal status of the "cadet mess," it is quite clear to me that the United States had power to give to the commanding officer of the cadets the right to approve or disapprove bills presented to them. They have not the rights of officers in the service. They are yet in tutelage, and the United States has power to protect them in their contracts, by sequestrating their pay and protecting its disbursement. Whether the regulations in fact give the superintendent that power is a matter which will come up on the trial.

Demurrer overruled.