UNITED STATES v. ORR et al.

(District Court, D. Rhode Island. May 19, 1915.)

No. 77.

1. CONSPIRACY &—43—OFFENSES AGAINST REVENUE LAWS—SUFFICIENCY OF INDICTMENT.

Oleomargarine Act (Act Aug. 2, 1886, c. 840, 24 Stat. 212 [Comp. St. 1913, § 6229]) § 17, provides that when any person manufacturing oleomargarine defrauds, or attempts to defraud, the United States of the tax thereon, he shall be punished. Cr. Code (Act March 4, 1909, c. 321, 35 Stat. 1096 [Comp. St. 1913, § 10201]) § 37, provides that if two or more persons conspire to commit an offense against the United States, or to defraud the United States, and one or more of such parties do any act to effect the object of the conspiracy, each of them shall be punished. An indictment charged that defendants conspired to defraud the United States of internal revenue taxes upon oleomargarine, specified when the taxes were to become due, and alleged that the United States was to be defrauded by the removal of the oleomargarine from the place of manufacture for sale without coupon stamps showing the payment of a tax,

and without such tax having been paid or secured. *Held*, that the indictment charged a conspiracy to defraud the United States, rather than a conspiracy to commit the offense described in section 17, and hence it was not defective, though it showed that defendants were to act only as employés, agents, or officers of the corporation, and did not charge that they were to be engaged in carrying on the business of manufacturing oleomargarine.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 79, 80, 84–99; Dec. Dig. ☞43.]

**2.** CONSPIRACY ☞33—OFFENSES AGAINST REVENUE LAWS—INTENT TO DEFRAUD.

A purpose on the part of employés, agents, or officers of a corporation to evade the payment of a tax on oleomargarine supplied the intent to defraud, essential to a conspiracy to defraud the United States, whether the taxes were to become due from the corporation or from such employés, agents, or officers.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. § 60; Dec. Dig. ☞33.]

James S. Orr and others were indicted for an offense. On demurrers to the indictment. Demurrers overruled.

See, also, 223 Fed. 222.

Harvey A. Baker, U. S. Atty., of Providence, R. I. (Peter C. Cannon, Asst. U. S. Atty., of Providence, R. I., on the brief), for the United States.

Wilson, Gardner & Churchill, of Providence, R. I., for defendants.

BROWN, District Judge. [1] The defendants demur to this indictment for conspiracy, based upon section 37 of the Criminal Code of the United States.

A principal part of the defendants' argument on demurrer is to the effect that the indictment must be regarded as an attempt to charge a conspiracy to commit the offense defined by section 17 of the Oleomargarine Law, which provides forfeiture and penalty in case of fraud by "any person engaged in carrying on the business of manufacturing oleomargarine." It is urged that the indictment insufficiently charges that the defendants were to be so engaged, and also that it appears upon its face that they were to act only as employés, agents, or officers of a corporation, and therefore were not within the terms of section 17.

The indictment, however, upon a fair reading, charges a conspiracy "to defraud the United States" rather than a conspiracy to commit the offense described in section 17 of the Oleomargarine Law. While that section seems limited in its application to persons engaged in carrying on the business of a manufacturer, section 37 of the Criminal Code is of broader application. Curley v. United States, 130 Fed. 1, 64 C. C. A. 369; United States v. Curley (C. C.) 122 Fed. 738.

The indictment charges that the defendants conspired to defraud the United States of a large sum of money to become due for internal revenue taxes upon oleomargarine. The mode in which the taxes were to become due is set forth at considerable length, and also the mode in which the United States was to be defrauded; i. e., by the removal of the oleomargarine from the place of manufacture, for sale, etc., without coupon stamps representing and denoting the payment of a tax, and without such tax having been paid or secured by any person.

[2] It seems sufficiently certain that the conspiracy contemplated the production of a taxable commodity, acts upon which there would become due to the United States taxes thereon, the noncompliance with the provisions of law for affixing stamps, and the nonpayment of taxes by anybody, and the defrauding of the United States of the taxes to which it would become entitled upon the facts alleged. Whether the taxes were to become due from the corporation or from the defendants, or from both, it is clear that upon the facts alleged a tax would be due, and a purpose to evade the payment by anybody of this tax is sufficient to supply the intent to defraud.

Construing the indictment as based upon the second clause of section 37 of the Criminal Code, and as charging a conspiracy to defraud, I am of the opinion that an offense under section 37 is sufficiently charged.

Demurrers overruled.