UNITED STATES v. ORR et al.

(District Court, D. Rhode Island. July 7, 1916.)

No. 89.

1. CONSPIRACY ⟨key⟩43(5)—INDICTMENT—SUFFICIENCY—OVERT ACTS.
    An indictment charging a conspiracy to defraud the United States of taxes on artificially colored oleomargarine, which alleged that the conspiracy included as a part of it intended removal of the oleomargarine from the place of manufacture, and averred a removal, contains a sufficient averment of overt acts; it being unnecessary to allege that the conspiracy was actually completed, or the government defrauded.
    [Ed. Note.—For other cases, see Conspiracy, Cent. Dig. § 89; Dec. Dig. ⟨key⟩43(5).]

2. CONSPIRACY ⟨key⟩27—OFFENSES—OVERT ACTS.
    Only one overt act is essential to a conviction of a conspiracy to defraud the United States of taxes on artificially colored oleomargarine.
    [Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 38, 39; Dec. Dig. ⟨key⟩27.]

3. CONSPIRACY ⟨key⟩43(5)—INDICTMENT—SUFFICIENCY—SURPLUSAGE.
    As only one overt act is sufficient to support a conviction for conspiracy to defraud revenue laws with relation to sale of colored oleomargarine, an indictment alleging several overt acts is not demurrable, because open to the objection that some of the allegations were surplusage.
    [Ed. Note.—For other cases, see Conspiracy, Cent. Dig. § 89; Dec. Dig. ⟨key⟩43(5).]

James S. Orr and Clarence H. Orr were indicted for conspiracy to defraud the United States internal revenue laws. On demurrer to the indictment. Demurrers overruled.

Harvey A. Baker, U. S. Atty., of Providence, R. I.
Wilson, Gardner & Churchill, of Providence, R. I., for defendants.

BROWN, District Judge. The indictment charges a conspiracy to defraud the United States of taxes on artificially colored oleomargarine. The defendants have demurred on grounds already passed upon and overruled by opinion upon a similar indictment, No. 77, reported in U. S. v. Orr (D. C.) 223 Fed. 220. They now make the additional point that:

"The charge of the supposed conspiracy * * * is not supported by any sufficient allegation of any act done by any party or parties to such conspiracy to effect the object thereof."

[1] Upon this point we need consider only the defendants' contention that those allegations of overt acts which relate to the removal of oleomargarine are insufficient, in that none of them shows that the removal was under such circumstances that the tax was due on the product removed.

This contention is, in my opinion, unsound, and is not supported by the decision in Tillinghast v. Richards (D. C.) 225 Fed. 226. In that case it was held that certain of the so-called overt acts alleged to have been done in New York were not acts to effect the purpose of

the conspiracy defined and charged in the indictment. The present indictment, however, charges a conspiracy which includes as a part of it the intended removal of the goods from the place of manufacture. An allegation that this was done is a sufficient allegation of the doing of an act to effect the object of the conspiracy as defined and charged in the indictment. It is unnecessary to allege facts snowing that the scheme was actually completed, or that the United States was actually defrauded.

[2, 3] While the allegation of overt acts is unnecessarily voluminous, as is usual in these cases, and while it may be doubtful if all of the acts alleged can properly be regarded as overt acts, yet as only one overt act is essential, and as the indictment properly charges several, the indictment is not demurrable, even should other allegations be subject to objection for insufficiency or as surplusage.

The demurrers are overruled.