DAHL v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. August 7, 1916.)

No. 2724.

1. CONSPIRACY ☞43(6)—CRIMINAL CONSPIRACY—INDICTMENT—REQUISITES.

An indictment charging conspiracy to violate Chinese Exclusion Act May 6, 1882, c. 126, § 11, 22 Stat. 61, as amended by Act July 5, 1884, c. 220, 23 Stat. 117 (Comp. St. 1913, § 4298), in that it was the purpose of the conspirators to bring and cause to be brought into the country certain Chinese alien persons not lawfully entitled to enter, and to aid and abet the bringing in of said Chinese aliens, notwithstanding the use of the word "certain," charges a general conspiracy to bring in such alien Chinese as were not entitled to enter, so that the names of the Chinese to be brought in need not be given or alleged to be unknown.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 86, 91; Dec. Dig. ☞43(6).]

2. CONSPIRACY ☞43(12)—CRIMINAL CONSPIRACY—EVIDENCE.

On a prosecution for a general conspiracy to bring into the country Chinese not entitled to enter, evidence that the defendant, pursuant to understanding with another defendant to smuggle in Chinese, brought in four Chinese not entitled to enter is admissible, though it may show another crime.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. § 90; Dec. Dig. ☞43(12).]

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Harry J. Dahl was convicted of conspiracy (225 Fed. 909), and brings error. Affirmed.

M. J. Gordon, of Seattle, Wash., and J. H. Easterday, of Tacoma, Wash., for plaintiff in error.

Clay Allen, U. S. Atty., and Albert Moodie and Winter S. Martin, Asst. U. S. Attys., all of Seattle, Wash.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. Plaintiff in error Dahl and one McGee were jointly indicted for conspiring together and with divers other persons to the grand jurors unknown—

"to violate section 11 of the act of May 6, 1882, as amended and added to by the act of July 5, 1884, * * * in this, that it was the purpose and object of the said conspiracy and of the said conspirators, and each of them, to will-

fully, knowingly, and unlawfully bring and cause to be brought into the United States * * * certain Chinese alien persons not lawfully entitled to enter the United States, * * * and it was further the object and purpose of the said conspiracy to willfully and knowingly aid and abet the bringing of said Chinese aliens into the United States; * * * all in violation of the said mentioned act."

There are three counts in the indictment, and some 17 overt acts are charged to have been done in pursuance of and to effect the object of the alleged unlawful conspiracy. There was a trial. Evidence was introduced by the government tending to support the allegations of the indictment. Defendant Dahl offered no evidence. The verdict of the jury found the defendant Dahl guilty on all three counts. Thereafter defendant was sentenced to imprisonment. By writ of error the case comes to this court.

[1] The first point urged by plaintiff in error is that the indictment does not allege that the alien persons to be brought into the United States were unknown to the grand jurors, and that the language of the indictment excludes the theory that the conspiracy contemplated generally the bringing in of Chinamen who desired to enter the United States. We do not construe the indictment as limited to a conspiracy to bring certain, particular, known, individual Chinamen into the United States, but as charging that the conspiracy was a general one having for its object the bringing into the country such alien Chinese persons as were not lawfully entitled to come in under the specially referred to acts of Congress. The use of the adjective "certain," as applied to alien Chinese, was not to make definite by specifically naming the alien Chinese persons to be brought into the United States, but was evidently intended to be applied to such Chinese aliens generally as under the specific statute were not entitled to come into the United States. The indictment under consideration is much like that in Williamson v. United States, 207 U. S. 425, 28 Sup. Ct. 163, 52 L. Ed. 278, and is fairly to be read as alleging a general unlawful combination to violate specifically named acts of Congress. Naturally, on forming such an unlawful agreement as that charged, those who entered into it could not determine the precise individuals who were to be unlawfully brought into the United States. We think the indictment is sufficient.

[2] As to the second point, that the court erred in admitting evidence, while the indictment nowhere charges that any Chinamen were actually brought into the United States, the evidence introduced by the government tended to show close association between plaintiff in error and another defendant, and that they had an understanding as to the smuggling of Chinese into the United States, and that in pursuance of such combination and understanding, plaintiff in error actually brought four Chinese persons into the United States. Clearly it was competent to show that these persons were not entitled to enter. Such evidence went to sustain the charge that there was a conspiracy with the object charged. Robinson et al. v. United States, 172 Fed. 105, 96 C. C. A. 307; United States v. Rogers et al. (D. C.) 226 Fed. 512; Steigman v. United States, 220 Fed. 63, 135 C. C. A. 631.

If in a conspiracy charged generally to do certain things prohibited by law, the government proves that some particular things were done in the execution of the conspiracy and for the direct purpose of carrying it out, it matters not that such things done may themselves constitute an offense against the laws of the United States. Suppose, for instance, that a conspiracy to use the mails in a scheme to defraud is alleged, and the circumstances tend to show an association and concert of action between the individuals charged, that their common purpose is to use the mails to defraud, and that in the execution of the common design letters were sent which directly related to the purpose of the combination charged, but which also showed that defendants were guilty of another offense for which they might also have been indicted: It could not be held that such evidence is inadmissible because it so happened that it tended to show defendants had committed another offense. The test would be, Does the evidence offered have material relation to the particular offense charged? If the answer is that it does, it is competent, and the court may properly admit it, being careful to instruct the jury how to regard such evidence, and that they cannot predicate a verdict of guilty upon any offense other than the one alleged. Williamson v. United States, supra; Wigmore on Evidence, §§ 216, 305.

We find no error in the record, and order of affirmance will be made.