UNITED STATES v. D'ARCY et al.

(District Court, D. Rhode Island. October 19, 1916.)

No. 135.

1. CONSPIRACY ⊂⇒43(6)—INDICTMENT—SUFFICIENCY.
An indictment charging a conspiracy to commit an offense need not set forth the offense which is the object of the conspiracy with the same strictness as in an indictment for a substantive offense.

2. CONSPIRACY ⊂⇒43(6)—INDICTMENT—EXCEPTIONS.
An indictment charging a conspiracy to commit an offense denounced by Harrison Act Dec. 17, 1914, c. 1, 38 Stat. 785 (Comp. St. 1916, §§ 6287g–6287q), relating to narcotic drugs, need not negative exceptions found in the statute defining the offense which was the object of the conspiracy.

3. CONSPIRACY ⊂⇒43(6)—INDICTMENT—SUFFICIENCY.
An indictment charging conspiracy to commit offenses against the United States defined by Harrison Act Dec. 17, 1914, which alleged a conspiracy to obtain by means of order forms drugs for purposes other than for use, sale, or distribution, in conduct of lawful business, etc., is not bad for indefiniteness.

4. CONSPIRACY ⊂⇒43(6)—INDICTMENT—SUFFICIENCY.
An indictment, alleging a conspiracy to violate Harrison Act Dec. 17, 1914, which after alleging overt acts charged that defendants at the times and places aforesaid conspired to commit an offense and do the several acts mentioned in connection with their names to effect the object of their conspiracy, sufficiently avers the place of the commission of the overt acts, and the indictment taken as a whole must be interpreted as charging their commission within the jurisdiction of the court entertaining the prosecution.

At Law. John S. D'Arcy and others were indicted for conspiracy to commit offenses against the United States defined by the Harrison Act of December 17, 1914. On demurrers to indictment. Demurrers overruled.

Harvey A. Baker, U. S. Atty., of Providence, R. I.
Albert B. West, of Providence, R. I., for defendants.

BROWN, District Judge. This indictment is for conspiracy to commit offenses against the United States defined by the Harrison Act of December 17, 1914, 38 Stats. p. 785, which relates to opium, etc.

[1] It should be observed that the gist of the offense charged is conspiracy, and that in such cases it is not essential to set forth the offense which is the object of the conspiracy with the same certainty and strictness as in an indictment for the substantive offense. Williamson v. U. S., 207 U. S. 425, 447, 28 Sup. Ct. 163, 52 L. Ed. 278.

[2] It is urged that the specific object of the conspiracy as defined in the indictment may or may not be a crime. It is true that under section 2 of the Harrison Act there is a provision that the previous general language shall not apply in certain cases.

The first count which charges a conspiracy to commit an offense by the doing of certain acts apprises the defendants with reasonable certainty that they are not charged with doing these acts under such circumstances as fall within the paragraphs "a," "b," "c," and "d," which follow the words "nothing contained in this section shall apply." These are in the nature of exceptions, and it has been held that an indictment. charging conspiracy to commit an offense need not negative exceptions found in the statute which defines the offense that is the object of the conspiracy.  United States v. Stone (D. C.) 135 Fed. 392.

Assuming that there may be found in this somewhat confused statute various exceptions to the general definition of the offense, the count does not seem to me insufficient for not expressly excluding what is excluded in the exemptions or enumerations of instances where the act does not apply.

[3] The second count relates to a conspiracy to commit an offense against the United States, to wit, to. obtain, by means of order forms issued by the Commissioner of Internal Revenue, certain drugs enumerated in the count, for purposes other than for the use, sale, and distribution thereof, in the conduct of a lawful business in said drugs, and for purposes other than the use, sale, and distribution of said drugs, in the legitimate practice of the professions of the said defendants.

In respect to this count, also, it is urged that there is indefiniteness and uncertainty; that, as the criminality consists in the wrongful object or purpose, the purpose should be set forth specifically, so that the court may know that it was an improper purpose.

I am of the opinion that this is not necessary, since the count charges that the conspiracy was to obtain the drugs for purposes other than those specified in the act.

[4] The third ground of demurrer is applicable to the overt acts in both counts.  The only ground which seems to require special consideration is the objection that there is a want of allegation of the place of commission of any of the overt acts.  While the particular paragraphs which set forth the overt acts contain no allegation of place, I am of the opinion that upon reading the indictment as a whole it sufficiently fixes the locus of the overt acts.  The concluding paragraph of each count alleges that the defendants, "at the times and places  *  *  *  aforesaid," conspired to commit an offense, "and did do the several acts mentioned in connection with their several names to effect the object of said conspiracy," etc.  Any deficiency in fixing a locus to the several overt acts is thus cured, and the indictment as a whole must be interpreted as charging their commission within the jurisdiction of this court.

The demurrers are overruled.