UNITED STATES v. BAKER et al.

(District Court, D. Rhode Island. July 26, 1917.)

No. 152.

1. CONSPIRACY ⬤⟿23—OFFENSES—ELEMENTS.

Under Cr. Code (Act March 4, 1909, c. 321, 35 Stat. 1088 [Comp. St. 1916. § 10201]) § 37, declaring that if two or more persons conspire to commit an offense against the United States, and one or more of such parties does any act to effect the object of the conspiracy, each shall be punished, the offense consists of a conspiracy and the commission of an overt act to effect its object.

2. CONSPIRACY ⬤⟿43(5)—INDICTMENT—SUFFICIENCY.

An indictment charged that defendants in anticipation of involuntary bankruptcy conspired to commit an offense against the United States by unlawfully concealing from the trustee in bankruptcy, to be thereafter appointed, certain merchandise, that the conspiracy extended from January 1, 1912, to December 20, 1913, that on July 7, 1913, an involuntary petition against defendants was filed, and that, after adjudication as bankrupts and the qualification of a trustee, defendants concealed property to carry out the object of the conspiracy. Held, that the indictment was not insufficient as failing to show the commission of an overt act within the period of the conspiracy; the period not being cut down by the averment that the conspiracy was in anticipation of involuntary bankruptcy, and it being alleged that the concealment was made with intent to effect the object of the conspiracy.

3. CONSPIRACY ⬤⟿43(6)—INDICTMENT—SUFFICIENCY.

An indictment, charging that defendants, in anticipation of involuntary bankruptcy conspired to commit an offense against the United States by concealing from the trustee to be thereafter appointed certain merchandise, is not bad because not showing that the anticipation of involuntary bankruptcy had any basis; it being immaterial whether the anticipated bankruptcy was to be brought about through voluntary or involuntary proceedings.

4. CONSPIRACY ⬤⟿43(6)—INDICTMENT—SUFFICIENCY.

An indictment, charging a conspiracy in anticipation of involuntary bankruptcy to commit an offense against the United States by unlawfully concealing from the trustee to be thereafter appointed certain merchandise, property, money, rights, and credits belonging to the estate in bankruptcy, alleged the concealment of certain specific property. Held that, while resort to the allegation of overt acts to enlarge the scope of the conspiracy is not permissible, and though ordinarily in a prosecution for a conspiracy to conceal assets the prosecution is not confined to proof of the overt acts charged in the indictment, yet the indictment will be construed as charging a conspiracy to conceal the property described in the allegations of the overt acts, and as so construed is sufficient.

5. CONSPIRACY ⬤⟿23—OFFENSES—NATURE OF.

Under Cr. Code, § 37, declaring that if two or more conspire to commit an offense against the United States, and one commits an overt act in furtherance thereof, all shall be punished, a general scheme or conspiracy may be complete though its details are not planned.

6. CONSPIRACY ⬤⟿43(6)—INDICTMENT—RESORT TO.

Resort to the allegations of overt acts in an indictment charging a conspiracy to commit an offense against the United States is not permissible to enlarge the scope of the conspiracy.

7. INDICTMENT AND INFORMATION ⬤⟿73(1)—INCONSISTENCY—SUFFICIENCY.

An indictment charged a conspiracy in anticipation of bankruptcy to commit an offense against the United States by concealing from the trus-

tee in bankruptcy to be appointed property belonging to the estate in bankruptcy, and subsequently described the property as all being the property of, and owned and possessed by, the bankrupts. *Held* that the indictment was not bad for inconsistency between the allegations of ownership of the property, for the allegations related one to the period after, and the other to the period before, bankruptcy.

8. CONSPIRACY ⊜⟶43(5)—OFFENSE—OVERT ACT.

Under Cr. Code, § 37, denouncing the offense of conspiracy to commit an offense against the United States, only one overt act is necessary, and, where one overt act is sufficiently charged in the indictment, it is good against demurrer, regardless of deficiencies in other charges of overt acts.

9. CRIMINAL LAW ⊜⟶113—CONSPIRACY—OVERT ACTS.

It is not necessary in a prosecution under Cr. Code, § 37, for a conspiracy to commit an offense against the United States that the overt act should have been done in the same jurisdiction in which the conspiracy was entered into.

10. INDICTMENT AND INFORMATION ⊜⟶86(1)—AVERMENTS—SUFFICIENCY.

The rules of both civil and criminal pleading require for the sake of certainty allegations of the place of every traversable fact; hence an indictment charging a conspiracy to commit an offense against the United States should allege the place of the commission of the overt act.

11. INDICTMENT AND INFORMATION ⊜⟶86(2)—PLACE OF OFFENSE—SUFFICIENCY.

An indictment, charging a conspiracy in anticipation of involuntary bankruptcy to commit an offense against the United States by concealing assets from the trustee to be appointed, alleged generally, before specifically charging overt acts, that defendants at the several times and places hereinafter mentioned unlawfully did do the several acts mentioned in connection with their names. Charges of the overt acts were followed by a general allegation that defendants at the time and place mentioned aforesaid did conspire and each did do the acts to effect the object of the conspiracy. Another paragraph of the indictment in allegations applicable to charges of overt acts alleged that they occurred at a named place in the district where the bankruptcy occurred and the prosecution was instituted. *Held* that, while it is not essential to the offense that the overt act be done in the same jurisdiction with the conspiracy, nevertheless, the indictment was good as alleging with certainty the place of the overt act which was within the district where the prosecution was instituted.

12. CONSPIRACY ⊜⟶43(5)—INDICTMENT—SUFFICIENCY.

An indictment, alleging a conspiracy, in anticipation of involuntary bankruptcy, to commit an offense against the United States by concealing assets from the trustee to be appointed, is defective in its allegations as to overt acts, where such allegations merely alleged the concealment, and not that defendants, the bankrupts, concealed property from the trustee.

At Law. Robert Baker and Sam Baker were indicted for conspiracy to commit an offense against the United States. On demurrer to the indictment. Demurrers overruled.

Harvey A. Baker, U. S. Atty., of Providence, R. I.
Barney, Lee & McCanna, of Providence, R. I., for defendants.

BROWN, District Judge. The indictment charges a conspiracy in anticipation of involuntary bankruptcy, to commit an offense against the United States, i. e., unlawfully, etc., to conceal from a trustee in bankruptcy to be thereafter appointed, certain merchandise, etc., belonging to the estate in bankruptcy of said defendants; and also charges certain acts as done to effect the object of the conspiracy.

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The period of the conspiracy is set forth as from January 1, 1912, to December 20, 1913.

[1, 2] The first contention on demurrer is that in both counts this period is cut down by the phrase "in anticipation of involuntary bankruptcy," when read in connection with the subsequent allegation that on July 7, 1913, an involuntary petition was filed.

It is also contended that this applies to allegations of acts done subsequent to July 7, 1913, to effect the object of the conspiracy.

The indictment contains, on page 9, allegations of concealment after the adjudication and after the qualification of a trustee, with the intent and purpose of effecting and carrying out the object of the conspiracy.

Even were it conceded that the period of the conspiracy should be thus cut down by construction, this would not be sufficient to support a demurrer; for the allegations of acts done within the limited period to effect the object of the conspiracy are sufficient. But the indictment must be construed as a whole. The offense, under section 37 of the Criminal Code, comprises, in addition to a conspiracy, an act done to effect the object of the conspiracy. The act is evidence that the conspiracy has passed beyond words and is on foot when the act is done. Hyde v. U. S., 225 U. S. 347, 32 Sup. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614. See. also, 225 U. S. page 384, dissenting opinion, 32 Sup. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614.

The indictment alleges specifically a continuous conspiracy at all times during the period from January 1, 1912, to December 20, 1913. The allegations of acts done after the filing of the petition and within this period are accompanied by specific allegations of intent and purpose to carry out the object of the conspiracy; i. e., of a continuation of the conspiracy. Effect must be given to this as well as to the expression "in anticipation of," etc. Both expressions may be given effect without limiting the period fixed by the indictment, by construing the indictment to charge a conspiracy which extended through that period and which was for one part of that period in anticipation of bankruptcy, and for another part during the actual existence of the bankruptcy, which at the beginning of the conspiracy was merely anticipated. The decisions in U. S. v. Britton, 108 U. S. 199, 205, 2 Sup. Ct. 531, 27 L. Ed. 698, and Joplin Mercantile Co. v. U. S., 236 U. S. 531, 535, 536, 35 Sup. Ct. 291, 59 L. Ed. 705, that the overt act cannot be resorted to to enlarge the conspiracy, are not in point, since the indictment alleges a period broad enough to cover the time after adjudication.

[3] It is further contended that the alleged anticipation of involuntary bankruptcy is not shown to have any basis. I am of the opinion that this is not necessary, and also that it is wholly immaterial whether the anticipated bankruptcy was to be brought about through voluntary or involuntary proceedings. Roukous v. United States, 195 Fed. 353, 357, 115 C. C. A. 255.

[4-6] Objection is also made that the description of the property to be concealed is insufficient. It is true that the description of the property in the statement of the conspiracy is very general: "Certain

merchandise, property, moneys, rights and credits belonging to the estate in bankruptcy" of said defendants. So general a mode of pleading a description of property is questionable, and ordinarily requires justification by an allegation that a more particular description is to the grand jury unknown.

I am of the opinion, however, that the objection is not fatal to this indictment, charging a violation of section 37 of the Criminal Code, which involves the elements of a conspiracy to commit an offense and an act to effect the object of the conspiracy. A general scheme or conspiracy may be complete though its details are not planned. Dahl v. U. S., 234 Fed. 618, 148 C. C. A. 384; Lew Moy v. U. S., 237 Fed. 50, 150 C. C. A. 252.

While resort to the allegations of overt acts to enlarge the scope of the conspiracy is not permissible, there is no question here of enlarging the scope of the conspiracy. The objection is that the language descriptive of the property is too general, and thus the scope of the conspiracy too large and indefinite; and that a more specific description should be given to confine the charge and make it more definite.

The allegations of the second element of the offense, overt acts of concealment of specific property, are pursuant to the general charge of conspiracy, and give the defendants more specific and detailed descriptions of the property.

There seems to be no sufficient reason why the allegations of overt acts, which are parts of the statutory offense, may not be resorted to to restrict the generality of the description of property. At least, I can see no practical prejudice that can arise to these defendants from any lack of definiteness in the description of the property which it is charged they conspire to conceal, unless the government should seek to offer in evidence at the trial acts of concealment of property other than that described in the allegations of overt acts. In that event, a question might arise whether the defendants were sufficiently apprised by the indictment that they were charged with a conspiracy to conceal that property.

Though ordinarily the government in a case of conspiracy to conceal assets is not confined to proof of the overt acts charged in the indictment, but may offer in proof of conspiracy other acts done which show a common plan, yet where the conspiracy charged is merely to conceal "certain merchandise, property, money, and credits," there is, as counsel for the defendants contends, difficulty in determining whether this applies to any particular piece of property. This difficulty, however, may be obviated by construing the first count of the present indictment to charge a conspiracy to conceal the property specifically described in the allegations of overt acts.

[7] On demurrer to the second count it is urged that the allegations of ownership of the property are inconsistent. The count charges properly a conspiracy in anticipation of bankruptcy to conceal from a trustee in bankruptcy to be appointed, property belonging to the estate in bankruptcy. The property is described, and following there is allegation, "all being the property of and owned and possessed by

said bankrupts." But this cannot be construed to detract from the previous allegation. The count relates both to a period before and a period after bankruptcy, and the allegations of prospective "belonging to the estate in bankruptcy" are not inconsistent with the other if each is applied to its proper period of time.

[8] The ninth cause of demurrer to the second count is:

"That it does not appear in or by said count that any act to effect the object of the supposed conspiracy therein charged against said defendants was done by any party to said supposed conspiracy."

This goes to the whole count, and not to any particular allegation of an overt act.

Only one overt act is essential to the statutory offense, and if one overt act is sufficiently charged this ground of demurrer to the whole count cannot be sustained, whatever may be the deficiencies in other charges of overt acts. United States v. Orr (D. C.) 233 Fed. 717.

[9-11] It is contended that the allegations of overt acts are uncertain for want of sufficient allegation of place. The specific charges of overt acts are preceded by a general allegation that, to effect the object of the conspiracy, "said defendants, at the several times and places in that behalf hereinafter mentioned, unlawfully did do the several acts following, mentioned in connection with their several names." But only in a few instances is place "hereinafter mentioned" in connection with specific overt acts.

However, the charges of overt acts are followed by the general allegation that:

The defendants, "at the time and place * * * aforesaid, did conspire, etc., and each did do acts to effect the object of the conspiracy."

In United States v. D'Arcy et al. (Ind. 135), opinion October 19, 1916, 243 Fed. 739, it was held in this court that any deficiency in fixing a locus to the several overt acts was thus cured.

It is contended, however, that this decision is inapplicable to the present indictment. I am of the opinion that without grammatical impropriety the final allegation of time and place may be read to apply both to the conspiracy and to acts to effect its object, and that the decision in U. S. v. D'Arcy is applicable.

While it is not essential to the offense that the overt act be done in the same jurisdiction with the conspiracy, yet the general rules of both civil and criminal pleading require for the sake of certainty allegations of the place of every traversable fact. Gould on Pleading, c. 3, §§ 102, 103.

But aside from the concluding paragraph of the indictment, there is in the paragraph numbered 26 a general allegation of concealment "at, to wit, Woonsocket in said district," which covers all "the merchandise and property hereinbefore mentioned," and is applicable to the whole count, and not applicable to the first paragraph of No. 26.

Overt acts 23 and 24 allege filing of false schedules in this court. In these there is no uncertainty as to place.

The allegations of overt acts are criticized in many details, but these criticisms need not be fully considered, since the question before us is only whether an offense is charged.

[12] It may be said, however, that many of the paragraphs, as for example 2 to 8, inclusive, contain allegations that certain property "was thereafterward concealed" from the trustee, which are wholly ineffective, since it is not alleged that the concealment was by the defendants; and this is not cured by the introductory allegation, since these are not "acts mentioned in connection with their several names." The effect is to reduce these to allegations merely of the purchase of cattle; they are entirely ineffective as allegations of acts of concealment of cattle or of money.

This applies to some extent also to paragraphs 10 to 18, inclusive, which are reduced merely to allegations of the withdrawal from bank of sums of money with intent to conceal. There are also in other paragraphs similar ineffective allegations that property was concealed.

Paragraphs 9, 19, 20, 23, 24, 25, and the second paragraph et seq. of No. 6, contain sufficient allegations of overt acts to meet the general objection on demurrer; and the allegations of withdrawals of sums from bank may be sufficient allegations of overt acts irrespective of the insufficiency of the allegations of actual concealment of these sums.

Most of the points raised upon demurrer might easily have been obviated by more careful observance of the conventional and well-established rules of pleading, which close up loopholes that generally are productive of delay and not infrequently prove fatal on demurrer. In the present case, however, I am of the opinion that none of the many objections made is fatal to either count on the present demurrers.

Demurrers overruled.