## UNITED STATES v. DOWNEY et al.

(District Court, D. Rhode Island. April 19, 1919.)

### No. 451.

1. CONSPIRACY ⬤=24, 27—GIST OF OFFENSE—COMMISSION OF CRIME CONSPIRED TO BE COMMITTED.

The conspiracy to defraud the United States of money, in violation of Criminal Code, § 37 (Comp. St. § 10201), or to commit an offense against the United States, in violation of section 35 (section 10199), is the gist of the offense, without reference to whether the crime or fraud is consummated or agreed upon by the conspirators in all details, as the conspiracy may be complete, though its object is still in contemplation.

2. CONSPIRACY ⬤=33, 43(10)—TO DEFRAUD UNITED STATES—INDICTMENT.

As the offense of conspiring to defraud the United States, in violation of Criminal Code, § 37 (Comp. St. § 10201), may be complete, though the mode or details of execution are not fully agreed upon, it is impracticable

⬤=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and unnecessary for the indictment to set forth the object of the conspiracy with the same particularity of detail as in cases of completed acts constituting a past offense.

3. CONSPIRACY ⊜37—CONSPIRACY TO COMMIT CRIME—DISTINCTION FROM OFFENSE ITSELF.

Conspiracy to commit a crime is a different offense from the crime that is the object of the conspiracy.

4. CONSPIRACY ⊜43(5)—INDICTMENT—ALLEGATION OF OVERT ACTS.

Though the allegations of overt acts may not be used to enlarge the scope of a conspiracy, they may be regarded as meeting objections to the generality of the charge in the indictment, and as giving specifications of the completed acts done pursuant to the conspiracy.

John F. Downey, Wallace Spink, and George L. Keene were indicted for conspiracy to defraud the United States, and for conspiracy to commit an offense against the United States, and defendants Downey and Spink respectively demur. Demurrers overruled.

Harvey A. Baker, U. S. Atty., of Providence, R. I.
Alexander L. Churchill, of Providence, R. I., for defendant Spink.
McGovern & Slattery, of Providence, R. I., for defendant Downey.

BROWN, District Judge. [1] This indictment under section 37 of the Criminal Code (Act March 4, 1909, c. 321, 35 Stat. 1096 [Comp. St. § 10201]), charges in the first count a conspiracy to defraud the United States of a large sum of money, and in the second count a conspiracy to commit an offense against the United States; i. e., a violation of section 35 of the Criminal Code (section 10199). In each count the conspiracy is the gist of the offense, without reference to whether the crime or fraud which the conspirators have conspired to commit was consummated, or was agreed upon by the conspirators in all its details. The conspiracy may be complete, though acts which are the object of the conspiracy are still in contemplation.

"Certainty, to a common intent, sufficient to identify the offense which the defendants conspired to commit, is all that is requisite in stating the object of the conspiracy." Williamson v. United States, 207 U. S. 425, 446–449. 28 Sup. Ct. 163, 171 (52 L. Ed. 278); United States v. Rabinowich, 238 U. S. 78, 85, et seq., 35 Sup. Ct. 682, 59 L. Ed. 1211; United States v. D'Arcy (D. C.) 243 Fed. 739; United States v. Baker (D. C.) 243 Fed. 741; Dahl v. United States, 234 Fed. 618, 148 C. C. A. 384; Lew Moy v. United States, 237 Fed. 50, 150 C. C. A. 252; United States v. Franklin (C. C.) 174 Fed. 161.

[2, 3] As the offense defined by section 37 may be complete, though the mode or details of execution are not fully agreed upon, it is of course impracticable and unnecessary for the indictment to set forth the object of the conspiracy with the same particularity of detail as in cases of completed acts constituting a past offense, and this rule seems to have been applied even where the offense which was the object of the conspiracy had been consummated. But conspiracy to commit a crime is a different offense from the crime that is the object of the conspiracy (United States v. Rabinowich, 238 U. S. 78, 85, 86, 35 Sup. Ct. 682, 59 L. Ed. 1211), and the distinction in the rules of pleading is well settled.

[4] Though the allegations of overt acts may not be used to enlarge the scope of the conspiracy, yet they practically meet many of the objections to the generality of the charge of conspiracy. They inform the defendants in much detail of the particular matters upon which proof will be offered, and thus give specifications of the completed acts done in pursuance of the conspiracy and during its continuance.

Upon the authority of the cases above cited, it appears that the defendants are sufficiently charged in each count with a violation of section 37 of the Criminal Code.

The demurrers of the defendants are respectively overruled.