MEAGHER et al. v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
November 25, 1929.

No. 5884.

Lowndes Maury and R. Lewis Brown, both of Butte, Mont., for appellant Meagher.

James T. Fitzgerald, of Butte, Mont., for appellant Walsh.

Wellington D. Rankin, U. S. Atty., and Howard A. Johnson and Arthur P. Acher, Asst. U. S. Attys., all of Helena, Mont.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge. Appellants Charles E. Meagher and W. J. Walsh appeal from a conviction for conspiracy to embezzle property coming into the hands of appellant Meagher as trustee for the bankrupt estate of the Heilbronner Company, a corporation. The indictment alleges "that on and after the 20th day of July, 1925, the assets of the said bankrupt corporation and certain property of other persons were delivered to and came into the control and possession of the said Charles E. Meagher as such trustee; that among the same were certain corporate stocks hereinafter mentioned." It is alleged that the appellants conspired to "feloniously take, steal, embezzle and appropriate to the use of said Charles E. Meagher and to the use of the said conspirators, property belonging to the said bankrupt estate and of other persons, which had theretofore come or which should thereafter come into the charge of said Charles E. Meagher as such trustee." As overt acts it is alleged that on January 19, 1926, six shares of the common stock of the Chrysler Corporation were sold, and the proceeds were appropriated to the use of the conspirators, and that a false return of sale was made to the referee showing that the property was sold for $336, whereas in fact it was sold for $1,186.80. The second overt act was the misappropriation of 100 shares of common stock of the Utah Apex Mining Company. The property was sold for $450 to M. D. O'Connell about the 12th day of November, 1927, and a false receipt of M. D. O'Connell for said stock was filed with the referee; that on the 4th of November,

1925, appellant Meagher sold 100 shares of common stock of the Granby Consolidated Mining, Smelting & Power Company, Limited, for the sum of $2,010.40, and converted the proceeds to his own use; that on August 28, 1926, a false report was made concerning the sale of said stock. As the fourth overt act it was charged that the alleged conspirators sold 83 shares of common stock of the Greene Cananea Copper Company for the sum of $1,281.63, and converted the proceeds to their own use, later reporting the sale of said stock to Charles S. Roberts for $707.10.

The next overt act is charged that on June 15, 1927, the conspirators sold 88 shares of the preferred stock of the Chicago & Eastern Illinois Railway Company for the sum of $6,045.78, and appropriated the proceeds thereof, falsely reporting a sale for the sum of $4,224.

Similar allegations were made with reference to 100 shares of the common stock of the Great Northern Iron Ore Properties and of the Mother Lode Coalition Mines Company and of the Cerro de Pasco Copper Corporation and of the Douglas Mining Company, Ltd.

Appellant Meagher specifies as errors the overruling of his demurrer to the indictment, and that the court erred in entering judgment against Meagher "of conspiring to embezzle property of other persons coming into his hands as trustee."

The first point presented with reference to the sufficiency of the indictment is "that there is no allegation in the indictment that they conspired to embezzle any of the property described in the charges of overt acts and no property was described in the body of the indictment." One argument advanced in support of this proposition is that the indictment shows that property both of the bankrupt and the other persons came into the custody of the trustee, and that it was essential that the indictment allege the ownership of the property to be embezzled. This for the particular reason, it is argued, "that the federal law is concerned only with property of the bankrupt estate and not with the property of other persons." We are unable to see any merit in this contention. It is alleged in the indictment that the property which the appellants conspired to embezzle was property which came into the hands of appellant Meagher as trustee in bankruptcy. It is thus in custodia legis and subject to the orders and directions of the bankruptcy court. Appellant Walsh advances a somewhat similar proposition claiming that, inasmuch as section 29a (11 USCA § 52(a) of

the Bankruptcy Act (30 Stat. 554) punishes a person for embezzlement of property coming into the hands of the trustee and "belonging to a bankrupt estate," a conspiracy to embezzle the property in the hands of a trustee which did not belong to the bankrupt would not be a conspiracy to violate § 29a (11 USCA § 52(a) of the Bankruptcy Act.

This proposition cannot be sustained. Property in the custody of the bankrupt at the time of the adjudication of the bankruptcy which comes into the possession of the trustee in bankruptcy by reason of the possession of the property by the bankrupt at the time of bankruptcy belongs to the bankrupt estate within the meaning of § 29a (11 USCA § 52(a) of the Bankruptcy Law, even though the title may be in some third person. Such property comes under the jurisdiction of the bankruptcy court, and is to be disposed of by order of that court, and until so disposed of should be retained by the trustee in bankruptcy as a part of the bankrupt estate. This view is in accord with the decisions of the Supreme Court with reference to the duties and jurisdiction of the bankruptcy court with relation to property in the hands of the bankrupt at the time of the adjudication of bankruptcy and coming into the hands of the trustee by reason thereof. On this subject the Supreme Court in Whitney v. Wenman, 198 U. S. 539, 552, 25 S. Ct. 778, 781, 49 L. Ed. 1157, says:

"We think the result of these cases is, in view of the broad powers conferred in § 2 of the bankrupt act, authorizing the bankruptcy court to cause the estate of the bankrupt to be collected, reduced to money, and distributed, and to determine controversies in relation thereto, and bring in and substitute additional parties when necessary for the complete determination of a matter in controversy, that when the property has become subject to the jurisdiction of the bankruptcy court as that of the bankrupt, whether held by him or for him, jurisdiction exists to determine controversies in relation to the disposition of the same, and the extent and character of liens thereon or rights therein. This conclusion accords with a number of well-considered cases in the Federal courts. Re Whitener, 44 C. C. A. 434, 105 F. 180; Re Antiago Screen Door Co., 59 C. C. A. 248, 123 F. 249; Re Kellogg, 57 C. C. A. 547, 121 F. 333. In the case of First Nat. Bank v. Chicago Title & T. Co. (decided on May 8 of this term), 198 U. S. 280, 25 S. Ct. 693 [49 L. Ed. 1051], in holding that the jurisdiction of the district court did not obtain, it was pointed out that the court had found that it was not in possession of the property."

And the rule is again announced in Murphy v. John Hofman Co., 211 U. S. 562, 570, 29 S. Ct. 154, 53 L. Ed. 327, where it was said:

"The last two cases cited (Whitney v. Wenman, 198 U. S. 539, 25 S. Ct. 778, 49 L. Ed. 1157; White v. Schloerb, 178 U. S. 542, 20 S. Ct. 1007, 44 L. Ed. 1183) proceed upon and establish the principle that when the court of bankruptcy, through the act of its officers, such as referees, receivers, or trustees, has taken possession of a res, as the property of a bankrupt, it has ancillary jurisdiction to hear and determine the adverse claims of strangers to it, and that its possession cannot be disturbed by the process of another court. And see Skilton v. Codington, 185 N. Y. 80, 85, 86, 77 N. E. 790, 113 Am. St. Rep. 885, and Frank v. Vollkommer [205 U. S. 521, 27 S. Ct. 596, 51 L. Ed. 911], which, by implication, approve the same principle."

We feel it unnecessary to follow the ramifications of appellants' arguments based on the theory that the embezzlement of property in the hands of the trustee as such, other than that of the bankrupt, was a violation of the state law and not of the federal law. The jurisdiction of the federal government attaches because of the fact that the property in question was in the hands of a trustee of a federal court acting in bankruptcy, and the conspiracy to embezzle property in the hands of this official is denounced by the federal statute against conspiracy and punishable thereunder. 18 USCA § 88; 11 USCA § 52(a).

With reference to the contention that the indictment should have alleged the individual ownership of the property the appellants are charged with conspiring to embezzle, it should be stated that the allegation that the conspiracy was to embezzle property held by the trustee in his fiduciary capacity was sufficient. As to the further argument advanced as to the failure of the indictment to describe with sufficient particularity the property the alleged conspirators planned to embezzle, it is sufficient to say here that the charging part of the indictment refers to the specific description of the corporate stock actually embezzled as set forth in the allegations of overt acts for a description of a part of the property coming into the hands of the trustee which the appellants conspired to embezzle. This gave the appellant sufficient information as to the nature and character of the property they are charged with conspiring to em-

bezzle (Anderson v. U. S. [C. C. A.] 260 F. 557; U. S. v. Baker [D. C.] 243 F. 741, 743; U. S. v. Downey [D. C.] 257 F. 364, 366; Stearns v. U. S. [C. C. A.] 152 F. 900, 904), particularly where the charge is one of conspiracy to embezzle property subsequently to come into the hands of one of the conspirators. See Williamson v. U. S., 207 U. S. 425, 28 S. Ct. 163, 52 L. Ed. 278; Dealy v. U. S., 152 U. S. 539, 14 S. Ct. 680, 38 L. Ed. 545; Hartson v. U. S. (C. C. A.) 14 F.(2d) 561; Rudner v. U. S. (C. C. A.) 281 F. 516, 518; Thornton v. U. S., 271 U. S. 414, 46 S. Ct. 585, 70 L. Ed. 1013; Wong Tai v. U. S., 273 U. S. 77, 47 S. Ct. 300, 71 L. Ed. 545. Appellants claim that the judgment in this case is, or may be, based upon the amendment to section 29a (11 USCA § 52(a) enacted in 1926 after the alleged offense which added the words "receiver, custodian or other officer of the court" after the word "trustee," and that therefore the law is ex post facto as to them. Appellants argue that the jury might have come to the conclusion that the conspiracy was to embezzle property coming into the charge of Walsh as custodian as well as that coming into the hands of the trustee, and that therefore the jury might have based its verdict upon the conclusion that appellants were guilty of violating the amendment to section 29a of the Bankruptcy Act, 11 USCA § 52(a). This argument is completely answered by the fact that no such charge was made in the indictment.

No other point merits discussion.

Judgment affirmed.